Mr. Justice Walk.ee. delivered the opinion of the court. The only point raised by the assignment or errors, which was not waived by the subsequent pleading, was the correctness of the decision of the court in excluding the record offered as evidence to sustain the plaintiff’s replication. The objection to the sufficiency of this record is that the writ, which constituted part of the record in the first suit, had been quashed and therefore could not be used as evidence. The effect of the judgment of the court upon the writ is thus brought directly under consideration. But be fore we discuss it, it may not be amiss to take a glance at the issue to be sustained in evidence. There are three principal points in the replication : first, the bringing of the suit; second, its dismissal ; and thirdly, the commencement of another suit within twelve months. To establish the first of these points it is necessary to show that a declaration was filed and a writ issued thereon, as decided in the case of McLarren & wife vs. Thurman, (3 Eng.) It is not pretended, that, in point of fact, a writ did not issue in this case, but that it was an erroneous writ and was quashed by the court before which it was made returnable and therefore cannot be read in evidence for any purpose. We cannot admit this to be true as a general proposition. If the writ was so utterly vc>id as to answer none.of the purposes of a writ, the argument might be worthy of serious consideration; and as the question is not necessarily presented by the facts in this case we prefer to express no opinion as to what would or would not constitute such defects. The writ in this case was not void. It was, on the contrary, upon its face, a good writ. The objection for variance between the writ and declaration was of the most technical kind. The writ truly stated the amount of the debt which the defendant was called to answer, but failed to show the amount of damages claimed. The writ then, to say the least of it, was voidable and would have been good to affect the defendant with notice, on which to have rendered a valid judgment by default. The question then recurs, does the judgment quashing the writ so affect it as to render it no longer evidence of the commencement of the suit ? Whilst we are satisfied that the effect of the judgment was conclusive upon the parties in that action, whether right or wrong, until reversed or set aside, and that the writ, so far as that suit was concerned, had lost its vitality and effect, we are not prepared to say that it may not still be evidence of the fact that a suit was brought; indeed the very act of the court in quashing it presupposes the existence of a suit. The decision of the supreme court oí South Carolina in the case of Freeman vs. Standifer, (1 Brevaud 474,) sustains our opinion. If the ground assumed by the defendants be that, inasmuch as a declaration and writ are necessary to the commencement of an action (the law only contemplating a valid writ) and where the writ is ascertained to be invalid by the judgment of the court, that then, as there is no valid writ, consequently there cannot be a valid action, then we dissent from them so far as the decision of the court is made by retrospective action to affect the question of suit or no suit. It may, and, we think, does arrest the further action of the court in most cases, but it by no means follows that it should relate back to the other question, a mere question of fact, which, as we have remarked, unless perhaps in cases where the writ is a nullity evidencing nothing, is even though voidable sufficient to evidence a commencement of the suit and in some cases to uphold a judgment. This objection, if tenable, of requiring valid and perfect proceedings, would upon principle as well apply to the declaration as the writ, for as both are prerequisites to the commencement of the suit, it is just as necessary that both should be valid as either; and the total absence of either is just as valid as if neither had been filed. It is evident therefore to our minds that although the writ may be voidable and be by the court to which it was returned quashed, being part of the record proper, although not available to the parties so far as that suit was concerned, still remained part of the record, without the necessity of order or bill of exceptions as held in Lenox vs. Pilce, and was competent as part of such record to establish the fact that a former suit had been brought. The circuit court therefore in our opinion erred in excluding it and in rendering judgment upon the issue for the defendant. Let the judgment be reversed and the cause be remanded.